CAROLINE THEMANSON, ADMINISTRATRIX, V. CITY OF KEARNEY.

[FILED DECEMBER 20, 1892.]

Municipal Corporations: ESTABLISHMENT OF GRADE: NEG-
LIGENCE: ACTION FOR DAMAGES FOR FLOODING CELLAR: IN-
STRUCTIONS. Under section 31 of chapter 9, General Statutes of
1873, a city of the second class was authorized to establish the
grade of its streets by ordinance. In an action for damages for
flooding the plaintiff's cellar in which his goods were stored,
caused by filling up the street adjacent to the lot without the
grade being established, *held*, that an instruction which in
effect told the jury that the grade might be established other-
wise than by ordinance was erroneous.

ERROR to the district court for Buffalo county.   Tried
below before HAMER, J.

*Greene & Hostetler*, for plaintiff in error.

*Calkins & Pratt, contra.*

MAXWELL, CH. J.

This action was commenced June 3, 1884, in the district
court of Buffalo county, by the plaintiff against the de-
fendant.    The allegations of the petition charge that in the
year 1883 the defendant herein proceeded to grade up a
certain street, to-wit, Wyoming avenue in said city, and
did throw up the same to the height of three feet above the
common level; that at a point on said avenue where said
grading was done and where said avenue crossed South
Railroad street, the surface water from a large area of
ground was accustomed to flow in an easterly direction
across Wyoming avenue in large volumes in time of rain;
that said defendant, well knowing that fact, so carelessly
and negligently constructed said embankment as to make
no culvert or other outlet for said water to pass away in

59

its natural course; that at said point on said avenue as above described, plaintiff had on the first day of April, 1884, a store-room, said store-room being on the west side of Wyoming avenue, and on the south side of said South Railroad street; that at said time the basement of said store-room contained a large quantity of groceries and provisions of the value of $3,000; that on said first day of April, 1884, a heavy rain fell, and that by reason of such embankment and levee, as above described, and by reason of the negligence and unskillful manner in which it had been erected by said defendant, the surface water was held and turned back from its natural course in a large volume into the store-room and basement of the plaintiff, all without plaintiff's fault, and that said goods and groceries were damaged and destroyed. To this petition defendant made answer, admitting that it graded up the street in question; denies that it graded it up three feet above the level; denies that it graded said street above the grade which had long prior thereto been established; alleges that the windows and the basement of the building are below the grade theretofore established by proper authorities of said city; alleges that if there was any overflow of said cellar, it was caused by the negligence of the plaintiff; alleges that it dug a channel for the escape of the water which had previous thereto flowed eastward across said avenue.

Plaintiff replied to said answer denying each and every allegation of new matter. The case was afterwards tried to a jury' and a verdict and judgment for the defendant.

The first error assigned in the plaintiff's brief is in giving the third instruction, which is as follows: "If the city procured the street to be built up and constructed with the grade which it declared established, then such grade was in fact established, and after such grade had been so constructed for a reasonable length of time the keeper of the grocery store was charged with notice of its existence, and if his landlord failed to raise the building to grade, or to protect

the walls below grade against the usual action of surface water, it became the duty of Mr. Themanson, so far as the city is concerned, to himself embank or otherwise protect the walls below grade if he would leave his wares and merchandise in the cellar."

It is admitted that no ordinance was ever passed establishing a grade and the question arises did any lawful grade exist when the grading was done? The alleged grade is claimed to have been established in 1874. Kearney was at that time a city of the second class, having a population of more than 500 and less than 15,000 inhabitants. The statute provides that cities of the kind named are " authorized and empowered to enact ordinances for the following purposes in addition to the other powers granted by this act: To open and improve streets, avenues, and alleys, make sidewalks, and build bridges, culverts, and sewers, within the city; and for the purposes of paying for the same, shall have power to make assessments in the following manner." Then follows the mode of assessment. This mode of establishing grades would seem to be exclusive. The case of *Hurford v. City of Omaha*, 4 Neb., 336, is not in conflict with this view. In that case it was held, under the special charter of that city, that the proof showed that the grade of St. Mary's avenue was established in 1866 and not in 1873. In the case at bar, however, the only authority to establish a grade was by ordinance, and as it was not so established, the instruction in question was erroneous. (*Fulton v. City of Lincoln*, 9 Neb., 358.) The doctrine of estoppel is relied upon by the defendant, but as it is not pleaded it cannot be considered. The other questions discussed in the briefs do not seem to be relied upon by the attorneys and will not be considered. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.